IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:22-cv-00350-M

| | |
|---|---|
| THEODORE JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER |

These matters come before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert T. Numbers, II [DE 5], Plaintiff's "Affidavit of Prejudice" pursuant to 28 U.S.C. § 144 (DE 7), and Plaintiff's Motion to Change Venue [DE 9]. Judge Numbers recommends that the Complaint, filed by the Plaintiff *pro se*, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). On December 8, 2022, Plaintiff filed an objection to the M&R that is dated November 28, 2022 (DE 8); notably, an attachment to the filing is dated December 6, 2022 (*see* DE 8-3). Nevertheless, pursuant to Fed. R. Civ. P. 6(a) and 6(d), the court finds the objection is timely. After a de novo review in this case, the court sustains in part and overrules in part Plaintiff's objections to the M&R and accepts in substantial part the M&R's recommended rulings. The court orders that the Plaintiff file an Amended Complaint, in accordance with this order, on or before August 4, 2023. In addition, the court liberally construes Plaintiff's affidavit as a motion and refers it to Judge Numbers. Finally, the court finds an insufficient basis for transferring this case to another venue and, thus, Plaintiff's motion to change

venue is denied.

## I. Recommendation for Dismissal

### A. Standard of Review

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Without timely objection, de novo review is unnecessary, and a district court need only check for clear error on the face of the record to accept the magistrate judge's recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In light of Plaintiff's IFP status, the court must also evaluate the viability of the claims in his complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). "Although a pro se litigant's pleadings are to be construed liberally, [his] complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face.'" *Adkins v. Whole Foods Mkt. Grp., Inc.*, No. 22-2141, 2023 WL 315276, at *1 (4th Cir. Jan. 19, 2023), *cert. denied sub nom. Adkins*

2

Case 5:22-cv-00350-M-RN   Document 10   Filed 07/25/23   Page 2 of 11

*v. Whole Foods Mkt. Grp.*, No. 22-1024, 2023 WL 4163243 (U.S. June 26, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) and citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). The plaintiff "must articulate facts that, when accepted as true, demonstrate [he] has stated a claim entitling [him] to relief." *Id.*

B.    Analysis

Judge Numbers recommends that Plaintiff's Complaint be dismissed based on the doctrine of res judicata, or "claim preclusion." Specifically, Judge Numbers contends that the operative Complaint in this case is substantially the same as an Amended Complaint reviewed and dismissed by the Honorable Louise W. Flanagan in a previous case and, thus, Plaintiff is precluded from raising the same claims in this case.[1] *See Justice v. NCDHHS*, No. 5:18-CV-00187, DE 71 (E.D.N.C. May 20, 2020). Judge Flanagan's order was affirmed by the Fourth Circuit Court of Appeals on January 5, 2022. *Id.*, DE 81. Plaintiff objects and counters that the Complaint in this case is different, because it "adds two Defendants[,] a fresh detailed narrative[,] and request[s] money damages." DE 8 at 2.

Typically, claim preclusion is an affirmative defense that must be pleaded. *Georgia Pac. Consumer Prod., LP v. Von Drehle Corp.*, 710 F.3d 527, 533 (4th Cir. 2013). However, "[a] court may raise sua sponte an affirmative defense based on preclusion only in 'special circumstances.'" *Id.* at 535 (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)). The Supreme Court has identified the following circumstances as "special": when "a court is on notice that it has

---

[1] Judge Numbers essentially relies on his Memorandum & Recommendation issued in *Justice v. NCDHHS*, No. 5:22-CV-00025-M, in which he makes the same argument with respect to the "substantially similar" pleading filed in that case. *See id.*, DE 6. Plaintiff voluntarily dismissed that case before the court ruled on the M&R. *Id.*, DE 10.

3

previously decided the issue presented" and its order is "based on the avoidance of unnecessary judicial waste." *Arizona*, 530 U.S. at 412; *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 209 (4th Cir. 2013) (affirming *sua sponte* consideration of claim preclusion where "the district court here has expended significant judicial resources on determining whether the plaintiffs are entitled to relief"). The court finds that this case's procedural history constitutes special circumstances: no party disputes that judicial resources in this district have been spent on the resolution of the same or similar issues raised in this case. *See Justice v. NCDHHS*, No. 5:18-CV-00187, DE 71. Accordingly, the court will proceed to consider whether Plaintiff's claims are precluded.

As a general matter, "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). The Fourth Circuit instructs, "The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.'" *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (citing *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). Thus, under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor*, 553 U.S. at 891 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). In other words, "while [the doctrine of] issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment." *Orca Yachts*, 287 F.3d at 318.

In the Fourth Circuit, whether res judicata precludes a subsequent action "turns on the existence of three factors: (1) a final judgment on the merits in a prior suit; (2) an identity of the

4

cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *U.S. ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 912 (4th Cir. 2013) (citing *Clodfelter*, 720 F.3d at 210). Applying these factors to the instant case, this court finds that Plaintiff is precluded from raising his claims again and the Complaint should be dismissed.

With respect to the first factor, in the previous case, Judge Flanagan dismissed Plaintiff's claims on June 18, 2020. *See Justice v. NCDHHS*, No. 5:18-CV-00187-FL, DE 78. The Fourth Circuit characterized Judge Flanagan's order as a "final order" that "dismissed the case for failure to comply with a court order." *Id.* DE 81 at 4. The appellate court did not identify the applicable rule (*see id.*), but Rule 41(b) of the Federal Rules of Civil Procedure governs "involuntary dismissals" for a plaintiff's failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). In a separate case, the Fourth Circuit precluded an appeal based on the same facts underlying a counterclaim that was previously adjudicated by a state court saying, "[a]lthough Rule 41 Fed. R. Civ. P. was not mentioned in the order, this was plainly an involuntary dismissal for violation of the rules or an order of the district court under Fed. R. Civ. P. 41(b) and, as such, is an adjudication on the merits." *Orca Yachts*, 287 F.3d at 319. The court concluded that the plaintiff could "no longer maintain [the] appeal founded upon identical grounds as those in its Florida counterclaim because such an action is barred by the doctrine of res judicata." *Id.*

In the present Complaint, Plaintiff recites his understanding of the procedural history in 5:18-cv-187-FL saying that, after an earlier dismissal order by the Honorable Terrence W. Boyle was reversed on appeal (*see id.*, DE 30, 37), "[t]he District Court regardless ignored the opinion of the Court of Appeals and [did] not allow the complaint to be contested but dismissed it without prejudice[.] Plaintiff appealed a second time[;] however the appeal was denied without prejudice which would leave plaintiff the option to refile." Compl. ¶ 2, DE 6. Plaintiff is incorrect in

5

material respects. While Judge Flanagan dismissed the operative Amended Complaint without prejudice on May 22, 2020, she also ordered Plaintiff to file a motion to amend, together with a proposed second amended complaint, on or before June 12, 2020. *See* 5:18-cv-187-FL, DE 71. Judge Flanagan warned Plaintiff that, if he failed to file the motion and proposed pleading, the case would be closed without further court order. *See id.* When Plaintiff failed to comply with the order, the Clerk of the Court entered Judgment against Plaintiff, noted that the defendants' motions to dismiss were granted and Plaintiff's claims were "dismissed," and closed the case (*Id.*, DE 78). Contrary to Plaintiff's assertions, the Fourth Circuit found Judge Flanagan's order and judgment to be a "final" order "dismiss[ing] the case for failure to comply with a court order" (DE 81),[2] which, under Rule 41(b), "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The second factor requires that the court determine whether the cause of action in the previous case is the same as the cause of action pled in the instant case. The Fourth Circuit follows the "transactional" approach when considering whether causes of action are identical: "As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect." *Clodfelter*, 720 F.3d at 210 (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)). "Under this transactional approach, res judicata will bar a 'newly articulated claim[ ]' if it is based on the same underlying transaction and could have been brought in the earlier action." *Id.* (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)).

Plaintiff's reference to and recitation of the procedural history in 5:18-CV-00187-FL reveals his misunderstanding of his ability to "refile" his claims concerning the alleged deprivation

---

[2] On appeal, Plaintiff argued that his Complaint was sufficient and the district court should not have ordered him to file an amended pleading. DE 81 at 4. However, the Fourth Circuit ruled that, because Plaintiff did not raise this argument before the district court, the issue was not properly before the appellate court. *Id.*

6

of benefits under the Supplemental Nutrition Assistance Program ("SNAP"). He describes his claims, both in the instant Complaint and in the previous Amended Complaint, as follows: "Specifically, plaintiff claims that he has been deprived of 'medical travel expense reductions,' to which he is 'entitled' under the Supplemental Nutrition Assistance Program ("SNAP"). See Compl. at 4." DE 6 at 2; 5:18-CV-00187-FL, DE 27 at 1-2. The court has performed a side-by-side comparison of the previous Amended Complaint and the Complaint in the instant case, and agrees with Judge Numbers that they are substantially the same. The only differences are that Plaintiff has added three individually named defendants and requests for compensatory and punitive damages, changed the word "process" to "revisit" in his request for injunctive relief under 28 U.S.C. § 2202, and no longer asks the State to provide him "food stamps on an expedited basis." *Compare id.*

This court concludes that the causes of action asserted against the NCDHHS Secretary, the Granville County Board of Commissioners, and Social Worker Denice Nelson are identical for purposes of a claim preclusion analysis. The claims for relief articulated in the current Complaint are the same as those in the prior Amended Complaint and are based on the same underlying set of facts, and the claim against Ms. Nelson could have been brought in the earlier case: the new allegations in the Second Claim of the current Complaint simply clarify that it was Ms. Nelson who "rejected" "recogniz[ing] plaintiff['s] child as a member of the household so the plaintiff would not enjoy ... higher SNAP benefits." *Compare* DE 6 at 12 *with* 5:18-CV-00187-FL, DE 27 at 9-10. The court also adopts Judge Numbers' recommendation to accept the rationale of his analysis in his M&R issued in *Justice v. NCDHHS*, 5:22-cv-25-M, that Ms. Nelson is sued in her official capacity and is in privity with Granville County for res judicata purposes. *Id.*, DE 6 at 4.

7

However, the court also finds that liberal application of the second and third factors to Plaintiff's claims against Defendants Travis Knight and Pam Polak, as well as what appears to be a new claim against Ms. Nelson, demonstrates that the claims are not identical. Judge Numbers is correct that adding new Defendants will not automatically revive Plaintiff's prior claims; however, the court does not agree that Knight and Polak (as characterized by Plaintiff) "are so closely aligned to the prior parties as to be indistinguishable for purposes of res judicata." *See* DE 5 at 4-5. With respect to Defendants Nelson, Knight, and Polak, Plaintiff makes the following allegations, which do not appear in the prior Amended Complaint:

> 4. ... Denice Nelson initiated a fraud investigation and hearings resulted in an overpayment due to (Agency Error).
>
> 5. The appeal process is infinite regardless if either side losses they can appeal and have another hearing. This back and forth hearing went on for some time and it appeared the defendants nor plaintiff would either prevail so a compromise was agreed, that plaintiff pay back $994.00 at $10.00 month food stamp allotment and if for any reason I do not receive food stamps I would call and set up payments in cash.
>
> 6. Plaintiff was disqualified for food stamps for one year in 2022, and defendants Knight and Polak demand plaintiff sign a new agreement and pay $25.00 to $50.00 a month in cash or money order until the full amount is paid. Plaintiff has sent money orders to Granville County Department of Social Service in the amount of $10.00. The defendants want $25.00 to $50.00 which plaintiff is unable to afford.
>
> 7. Plaintiff requested a waiver since it was not his fault regarding the overpayment and defendant Knight suggested plaintiff submit a hardship letter which he was to submit to Polak and others. The letter was rejected as untimely which plaintiff demises the Knight known or should have known if hardship letters were not being accepted until and after September 2022.

8

Compl., DE 6 at 3-4. Judge Numbers recognizes these "new" claims but recommends that this court refrain from involving itself in what appears to be a contract dispute. This court agrees that the allegations may support a simple contract claim; however, construing this pleading liberally, the court recognizes that the Plaintiff invokes 42 U.S.C. § 1983 "to redress deprivations of the plaintiffs' [sic] federal statutory and regulatory rights." DE 6 at 7. As such, the court finds that Plaintiff's Complaint *may* state non-frivolous claims for relief against Defendants Nelson, Knight, and Polak.

That said, the court also finds that the Complaint currently alleges both precluded and new claims, and is somewhat vague and difficult to discern. Therefore, in accordance with 28 U.S.C. § 1915 and Rule 8(a) of the Federal Rules of Civil Procedure, the court will order the Plaintiff to file an Amended Complaint in accordance with this order, which clearly and succinctly alleges the potential new claims against Defendants Nelson, Knight, and Polak, along with the facts that support the potential new claims.

C.  Conclusion

In sum, the court ACCEPTS IN PART AND DECLINES TO ACCEPT IN PART the M&R, and DISMISSES Plaintiff's claims against Defendants NCDHHS Secretary and Granville County Board of Commissioners, as well as all claims against Defendants Nelson, Knight, and Polak other than those potentially supported by the allegations in paragraphs 4 through 7 of the operative Complaint. The court ORDERS Plaintiff to file an Amended Complaint **on or before August 4, 2023**, in accordance with this order, which clearly and succinctly alleges both the facts set forth in paragraphs 4-7 of the operative Complaint and any potential new claims against Defendants Nelson, Knight, and Polak (based on the referenced facts), over which this court has

subject-matter jurisdiction. If Plaintiff fails to comply with this order, the court will dismiss all claims and close the case without further notice.

## II. Affidavit of Prejudice

Plaintiff has filed an "Affidavit of Prejudice ... and Certificate of Good Faith by Counsel of Record." DE 7. Plaintiff argues that Magistrate Judge Numbers should recuse based on the rulings he has made in Plaintiff's case(s). The document does not specifically seek an order of recusal, but construing the filing liberally as it must, the court interprets the document as a motion for recusal under 28 U.S.C. § 144. *See Harvey v. Landauer*, No. 7:18-CV-00097, 2020 WL 1904458, at *2 (W.D. Va. Apr. 17, 2020). Therefore, the court refers the motion to Judge Numbers for disposition.

## III. Motion to Change Venue

Plaintiff asserts that he is "unable to receive any impartiality, detachment, or unbiasedness in this court and therefore request[s] a change of venue to a federal court that would have jurisdiction and no influences from this court." DE 9 at 5. Plaintiff bases his request on his perception that he has received "biased" rulings in this and previous cases. *See id.*

Under the relevant statute, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

With respect to the first factor, the request here is by the plaintiff, but the court notes that, despite rulings in previous cases, Plaintiff filed the instant case in this district. In addition, Plaintiff fails to identify a venue to which he seeks a transfer. Thus, this factor weighs neutrally in determining whether to change venue.

Furthermore, the parties all appear to be residents of North Carolina, Plaintiff identifies the individually named Defendants as employees of Granville County, North Carolina, and all events relevant to the Plaintiff's claims appear to have occurred in this district; accordingly, these factors weigh against changing venue.

Finally, because the Plaintiff identifies and the court discerns no facts supporting an adequate basis on which to find that Plaintiff has suffered extrajudicial prejudice or bias in this case, the court concludes that the interest of justice does not warrant a change of venue. *Cf. Liteky v. United States*, 510 U.S. 540, 550 (1994) (defining bias as "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess[,] . . . [or] is excessive in degree . . . ."); *see also United States v. Johnson*, No. 7:10-CR-0093-BR, 2015 WL 10690415, at *1 (E.D.N.C. Jan. 16, 2015) (stating, "judicial rulings alone almost never constitute a valid basis for" demonstrating bias or partiality) (citing *Liteky*, 510 U.S. at 555). Accordingly, Plaintiff's motion to change venue [DE 6] is DENIED.

SO ORDERED this 25TH day of July, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

11